

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 17, 1960

Hon. Zollie Steakley
Secretary of State
Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

OPINION NO. WW-806

Re:  Authority of the Secretary
of State and the Comptroller
of Public Accounts concerning
the administrative procedure
for the forfeiture of the
right to do business of a cor-
poration which is delinquent
in the filing of its franchise
tax report and in the payment
of franchise taxes.

Dear Mr. Steakley and Mr. Calvert:

You have inquired of us whether or not authority
is vested in the Secretary of State or the Comptroller of
Public Accounts concerning the responsibility for the
administrative procedure for the forfeiture of a corpora-
tion's right to do business when the corporation is delinquent
in the filing of its franchise tax report and in the payment
of franchise taxes.

Prior to the Third Called Session of the Fifty-
sixth Legislature, Article 7091, V.C.S., as amended by Acts
1955, Fifty-fourth Legislature provided as follows:

"Any corporation, either domestic
or foreign which shall fail to pay any fran-
chise tax provided for in this Chapter when
the same shall become due and payable under
the provisions of this Chapter, shall there-
upon become liable to a penalty of ten per
cent (10%) of the amount of such franchise
tax due by such corporation.  If the reports
required by Article 7087 or Article 7089 be
not filed in accordance with the provisions

of this Chapter, or if the amount of such tax and penalties be not paid in full on or before the thirtieth day after notice of delinquency is mailed to such corporation as provided in Article 7092, such corporation shall for such default forfeit its right to do business in this State; which forfeiture shall be consummated without judicial ascertainment by the Secretary of State entering upon the margin of the record kept in his office relating to such corporation the words, 'right to do business forfeited' and the date of such forfeiture." (Underscoring added.)

At the time of the above Act all of the duties with regard to the administration and collection of franchise taxes were the responsibility of the office of the Secretary of State. The Third Called Session of the Fifty-sixth Legislature passed House Bill No. 11 which Bill is titled in the Statutes 122A-Taxation-General. In Chapter 24, Section 8 thereof, it is provided that this Act shall be effective September 1, 1959. This Act provides under Article 1.04, Paragraph 3 as follows:

"For the purpose of carrying out the terms of this Article the Comptroller or any authorized agent shall have the authority to examine at the principal or any other office in the United States of any person, firm, agent or corporation permitted to do business in this State, all books, records and papers and also any officers or employees thereof, under oath; and failure or refusal of any person, firm, agent or corporation to permit such examination shall, upon certification of such refusal by the Comptroller to the Secretary of State, immediately forfeit the charter or permit to do business in this State until such examination as is required to be made is completed..." (Underscoring added.)

Article 12.14 of this same Act places the responsibility upon the Secretary of State of forfeiting the "right to do business of a corporation" in the following language:

"Any corporation, either domestic or foreign which shall fail to pay any

franchise tax provided for in this Chapter
when the same shall become due and payable
under the provisions of this Chapter, shall
thereupon become liable to a penalty of
ten per cent (10%) of the amount of such
franchise tax due by such corporation.  If
the reports required by Articles 12.08 and
12.09 be not filed in accordance with the
provisions of this Chapter, or if the amount
of such tax and penalties be not paid in
full on or before the thirtieth (30th) day
after notice of delinquency is mailed to
such corporation, such corporation shall
for such default forfeit its right to do
business in this State; which forfeiture
shall be consummated without judicial
ascertainment by the Secretary of State
entering upon the margin of the record kept
in his office relating to such corporation
the words, 'right to do business forfeited'
and the date of such forfeiture..." (Under-
scoring added.)

Likewise, Article 12.17 of the same Act places
the responsibility for the administrative forfeiture of a
corporate charter upon the Secretary of State in the
following language:

"...Upon determination by the Secre-
tary of State that any domestic corporation
whose right to do business has been previously
forfeited by that officer, and which corpora-
tion has failed and refused to have its right
to do business revived pursuant to the pro-
visions of this Chapter, and which corporation
fails to revive its right to do business prior
to the first day of January next succeeding
the date of forfeiture of its right to do busi-
ness, and which corporation has no assets from
which a judgment for the franchise tax, penal-
ties, and court costs may be satisfied, and
approval of such determination by the Attorney
General, the charter of any such corporation
may be forfeited, which forfeiture shall be
consummated without judicial ascertainment
by the Secretary of State entering upon the
charter of such corporations filed in his
office the words, 'Charter forfeited,' giving

the date thereof and citing this Act
as authority therefor." (Underscoring
added.)

Article 12.22, the last paragraph of the Act
provides as follows:

"When administration of the fran-
chise tax is transferred from the Secretary
of State to the Comptroller of Public
Accounts in accordance with Acts of the
Fifty-sixth Legislature, Regular Session,
1959, Chapter 325, all administrative
powers and duties incident to collection
and administration of the franchise tax
conferred upon the Secretary of State by
this Chapter shall devolve upon and be
exercised by the State Comptroller of
Public Accounts."

The question at hand calls for an interpretation
of the intent of the Legislature in transferring duties
from the Secretary of State's Office to the Comptroller's
Office with particular regard to the extent to which the
"administrative powers and duties" to collect and administer
the franchise tax were intended to be transferred to the
Comptroller.

It is noted from the above paragraphs that with
the exception of Art. 12.22, no provision of this Chapter
places any duty on the Comptroller. All duties in Chapter
12 of the new Act are specifically placed on the Secretary
of State and the Attorney General with the exception of said
Art. 12.22, which provides that "...all administrative powers
and duties incident to collection and administration of the
franchise tax conferred upon the Secretary of State by this
Chapter shall devolve upon and be exercised by the State
Comptroller of Public Accounts."

Nothing in the Act takes away the authority and
responsibility of the Secretary of State to approve a
corporate charter, to certify to same under the great seal
of the State and otherwise to literally authorize the
creation of a corporation, (see Art. 1313 V.C.S.) as well
as the authority to keep the actual charter of a corporation.

The "administrative powers and duties incident to
collection and administration of the franchise tax" are
only a part of the powers and duties with regard to the

regulation of corporations and corporate taxes.

It is the opinion of this office that the powers and duties transferred to the Comptroller by this Act were limited to those incident to the collection of the franchise tax and that it was not the intent of the legislature to take away from the Secretary of State the authority and duty to administratively forfeit a corporation's right to do business. Therefore, the Secretary of State has the authority to administer the procedure for the forfeiture of the right to do business of a corporation which is delinquent in the filing of its franchise tax report and is delinquent in the payment of franchise taxes.

SUMMARY

The Secretary of State has the authority to administer the procedure for the forfeiture of the right to do business of a corporation which is delinquent in the filing of its franchise tax report and is delinquent in the payment of franchise taxes.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Marvin H. Brown, Jr.
Assistant

MHB,Jr:si

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Robert A. Rowland

C. Dean Davis

Richard Wells

Houghton Brownlee, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

By: Leonard Passmore